UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE BANKS,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:17-cv-02554-JAD-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>(Docket Nos. 20, 24) |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. The Court has considered Plaintiff's motion for reversal and/or remand, the Commissioner's response, and the Commissioner's countermotion to affirm. Docket Nos. 20, 24, 25. Plaintiff did not file a reply to his motion or a response to the Commissioner's countermotion. *See* Docket. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.     STANDARDS**

    A.     <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in

1

controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence supports more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before the Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which

the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

A court may order that a claimant's case be remanded under 42 U.S.C. § 405(g) where "there is new evidence which is material" and there is good cause of failing to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

### B.   Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that she can make a finding of disability or nondisability, a determination will be made, and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 416.920(c). An impairment or combination of impairments is not

severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 416.921; Social Security Rulings ("SSRs") 85-28 and 16-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 416.909), then a finding of disabled is made. 20 C.F.R. § 416.920(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929; SSR 16-3p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927.

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Id.*

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 416.960(b), 416.965. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.     BACKGROUND**

A.     Procedural History

On February 5, 2014, Plaintiff protectively filed an application for disability insurance benefits, alleging a disability onset date of February 5, 2014. Administrative Record ("A.R.") 164-167. Plaintiff's claims were denied initially on June 12, 2014, and upon reconsideration on February 5, 2015. A.R. 87-97, 100-114. Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"). A.R. 115. On May 2, 2016, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Barry H. Jenkins. A.R. 34-86. On June 7, 2016, the ALJ issued an unfavorable decision finding that Plaintiff has not been under a disability from February 4, 2014, through the date of decision. A.R. 20-29. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review

on August 7, 2017.  A.R. 2-8.  On October 2, 2017, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).  *See* Docket No. 1.

B.  The ALJ's Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. 404.1520 and issued an unfavorable decision on June 7, 2016.  A.R. 20-29.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 5, 2014.  A.R. 22.  At step two, the ALJ found that Plaintiff has the following medically determinable impairments: disorder of the cervical and lumbar spine.  A.R. 22-23.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1.  A.R. 23.

The ALJ found that Plaintiff has the residual functional capacity to perform medium work in that he can lift or carry up to 50 pounds occasionally and 25 pounds frequently; he can stand and/or walk for up to 6 hours in an 8-hour workday; and he can sit for up to 6 hours in an 8-hour workday.  A.R. 23-27.

At step four, the ALJ found that Plaintiff is unable to perform past relevant work.  A.R. 27.  At step five, the ALJ determined that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.  A.R. 27-29.  Therefore, the ALJ found that Plaintiff was not under a disability from February 5, 2014, through the date of the decision.  A.R. 29.

**III.  ANALYSIS AND FINDINGS**

On June 25, 2018, Plaintiff submitted a one-sentence motion to remand accompanied by 67 pages of medical records.  Docket Nos. 20, 20-1.  Plaintiff's motion for remand does not provide an argument or explanation for the request to remand other than stating, "New Document from the Doctor for Disability Benefits[.]"  Docket No. 20.

A.  Waiver

If a claimant's motion to reverse or remand does not provide an adequate basis for the Court to assess the issues, the Court cannot manufacture arguments for an appellant.  *Independent*

6

*Towers of Washington v. Washington,* 350 F. 3d 925, 959 (9th Cir. 2003). Rather, the Court reviews issues argued specifically and distinctly. *Id.* When a claim is not argued and explained sufficiently to provide the Court with any analysis to evaluate its legal challenges, the argument is waived. *Id.* at 929-930.

*Pro se* litigants are not held to the same standard as admitted or bar licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Pleadings by *pro se* litigants, regardless of deficiencies, should only be judged by function, not form. *Id*. Nonetheless, a *pro se* plaintiff is not entirely immune form the civil rules of procedure. Although the Court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). *See also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986)("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.") Fed.R.Civ.P. 7(b)(1)(B) requires that all motions "state with particularity the grounds for seeking the order." *See Rhodes v. Robinson*, 2010 WL 3516342, *2 (9th Cir. 2010) (district court correctly disregarded motion "because it did not 'state with particularity the grounds for seeking the order' as required by the Federal Rule of Civil Procedure 7(b)(1)(B)").

In *Yager v. Berryhill*, this Court denied a *pro se* claimant's motion to reverse or remand, finding that the motion did not provide an adequate basis for the Court to assess the issues because the motion failed to articulate its arguments with specificity and support its arguments with citations. *Yager v. Berryhill*, 2017 WL 1731908, at *2 (D.Nev. Aug. 15, 2017), report and recommendation adopted, 2018 WL 1731908 (D. Nev. April 10, 2017).

Here, Plaintiff's motion for remand contains even less of an adequate basis for the Court to review the agency decision than the motion to remand in Y*ager.* Plaintiff's single sentence motion is "too underdeveloped to be capable of assessment." *Hibbs v. Dep't of Human Res.,* 273 F.3d 844, 873 n.34 (9th Cir. 2001). The role of this Court is not to second guess the ALJ and

7

reexamine the evidence; but rather to determine if the ALJ's decision is supported by substantial evidence and free of legal error.

### B. New Medical Evidence

Plaintiff's motion appears to submit that the basis for remanding his case is a new document from his doctor for disability benefits. Docket No. 20. To obtain a remand based on new evidence, a claimant must show "there is new evidence which is material, and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). New evidence is material under § 405(g) if the evidence bears directly and substantially on the matter in dispute, and if there is a reasonable possibility that the new evidence would have changed the outcome of the administrative determination. *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001); *see also Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

Plaintiff's motion included 67 pages of medical records. Docket No. 20-1. Of those pages, Plaintiff submitted 49 pages of medical records reflecting consultations, medication management, imaging, and treatment Plaintiff received between January 2017 and February 2018. Docket No. 20-1 at 1-2, 21-67. Presumably, these pages constitute the new document from the doctor Plaintiff referred to in the motion for remand, but Plaintiff provides no further explanation or reference to these documents in a legal argument. *Id.* These documents relate to Plaintiff's condition outside of the time period for which the ALJ adjudicated, from February 5, 2014 June 7, 2014. Docket No. 20-1 at 1-2, 21-67; A.R. 29. Plaintiff does not articulate how these new documents are material, why they were not incorporated into the record in a prior proceeding, nor how they bear directly and substantially on the matter in dispute and would have changed the outcome of the administrative decision. Docket No. 20. These documents post-date the ALJ's decision and, therefore, do not relate to the period at issue. Further, since Plaintiff fails to submit any explanation as to how the documents would bear directly and substantially on the matter, this evidence is immaterial as to whether the Plaintiff was disabled during the time frame of the ALJ's adjudication. *Cook v. Colvin*, 2016 WL 805885, at *5 (D.Nev. Feb 9, 2016).

Plaintiff also submits 18 pages of records from Southern Nevada Pain Center. Docket No. 20-1 at 3-20. These pages are identical to documents in the record. A.R. 329-346. The ALJ's

8

determination reflects consideration of these records in concluding that Plaintiff was not disabled from February 5, 2014 to the date of the ALJ's decision. A.R. 23-27. Plaintiff does not raise any argument that the ALJ erred in his consideration of this evidence or in analyzing Plaintiff's claims. Docket No. 20.

Plaintiff fails to submit that the new records, from outside the time frame of the ALJ's decision, contained material information bearing directly or substantially on the matter. Further, Plaintiff fails to articulate any legal analysis or point to any errors in the ALJ's determination warranting a remand.

## IV. CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's motion for reversal and/or remand (Docket No. 20) be **DENIED** and that the Commissioner's cross-motion to affirm (Docket No. 24) be **GRANTED**.

Dated: October 16, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).